**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3730
_____

JULIO CEASAR FERREIRA,
a/k/a Julio Ceasar Barbosa Ferreira,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A088-349-118)
Immigration Judge:  Alice Song Hartye
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2020
_____

Before:  CHAGARES, HARDIMAN, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 10, 2020)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Julio Ceasar Ferreira petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision to deny his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition for review.

I.

We write only for the parties, so our summary of the facts is brief. Ferreira is a native and citizen of Brazil. He first entered the United States unlawfully in 2007, and the Department of Homeland Security ("DHS") ordered him removed that same year. Later that year, Ferreira illegally reentered the United States, and DHS reinstated the removal order. After Ferreira's case was referred to the IJ for withholding-only proceedings, Ferreira filed applications for withholding of removal and CAT protection. In support of his applications, Ferreira testified that in Brazil, his mother's partner harmed him on multiple occasions, and that his mother institutionalized him at a mental health clinic twice, even though he did not, in fact, have mental health issues. He also testified that he served as a juror in homicide and drug cases, and that a former neighbor, who was a drug dealer, threatened and harmed him on the belief that he was talking to the police to help convict drug dealers. Ferreira explained that because of these previous incidents with his mother's partner, his mother, and his former neighbor, he fears returning to Brazil.

2

The IJ denied Ferreira's applications for withholding of removal and CAT protection, and the BIA affirmed the IJ's decision on October 28, 2019. Ferreira timely petitioned this Court for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's order, and the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3) to review the IJ's decision. Generally, we consider only the BIA's reasoning, but because the BIA invoked aspects of the IJ's analysis and factual findings, we review both the BIA's and the IJ's decisions. Green v. Att'y Gen., 694 F.3d 503, 506 (3d Cir. 2012).

We must uphold factual determinations as to withholding of removal and CAT protection if they are supported by substantial evidence from the record considered as a whole. Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). Under the substantial evidence standard, "we will reverse based on a factual error only if any reasonable fact-finder would be compelled to conclude otherwise." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010) (quotation marks omitted). We review any legal conclusions de novo, but we give deference to the BIA's "interpretation of statutes and regulations within its enforcement jurisdiction." Id.

## III.

Ferreira contends that the BIA erred in affirming the denial of his applications for withholding of removal and CAT protection. We consider each argument in turn.

Ferreira's withholding of removal claim is premised on his fear that if he returned to Brazil, he would be persecuted on account of his membership in one of four social

3

groups: (1) his family, (2) people who report drug traffickers to police, (3) jurors on gang cases, and (4) people with mental health issues who can be institutionalized against their will. For an applicant to "establish eligibility for withholding of removal based on membership in a particular social group," the applicant must demonstrate his membership in the group and show that the group is "cognizable . . . within the meaning of" 8 U.S.C. § 1231(b)(3)(A). Gonzalez-Posadas v. Att'y Gen., 781 F.3d 677, 684 (3d Cir. 2015) (quotation marks omitted). A social group is not cognizable unless the group is "composed of members who share a common, immutable characteristic," "defined with particularity," and "socially distinct within the society in question." Radiowala v. Att'y Gen., 930 F.3d 577, 583 (3d Cir. 2019).

The BIA reasoned that none of Ferreira's four proposed social groups establish his eligibility for withholding of removal, and we discern no basis to reverse. For Ferreira's first three proposed social groups, substantial evidence supports the BIA's determination that Ferreira did not show that Brazilian society perceives those groups as socially distinct. See S.E.R.L. v. Att'y Gen., 894 F.3d 535, 556–57 (3d Cir. 2018). Ferreira "fails to direct us to anything in the record that the IJ or BIA has ignored and that would compel" the contrary conclusion. Id. at 556. For Ferreira's fourth proposed social group of people with mental health issues, substantial evidence supports the BIA's finding that Ferreira did not demonstrate his membership in that group. Indeed, Ferreira concedes that he does not have mental health issues, so he cannot be a member of that group. Because Ferreira failed to establish his membership in a cognizable social group, we will deny Ferreira's petition as to withholding of removal.

4

Ferreira next argues that the BIA erred in affirming the denial of CAT protection. According to Ferreira, if he returns to Brazil, he is likely to be tortured by his mother, his mother's partner, or his former neighbor. We are not persuaded. An applicant seeking CAT protection must prove that "there is a greater likelihood than not that he will be tortured in the country to which he will be removed," and the BIA concluded that Ferreira failed to make that showing. Luziga v. Att'y Gen., 937 F.3d 244, 254 (3d Cir. 2019). The record does not compel the contrary conclusion. In fact, the record supports the IJ's finding that Ferreira is able to avoid the alleged torture that he fears by residing in another part of Brazil, away from his mother, his mother's partner, and his former neighbor. We therefore will deny Ferreira's petition as it relates to CAT protection.[1]

IV.

For the foregoing reasons, we will deny Ferreira's petition for review.

---

[1] We have carefully considered Ferreira's other arguments in support of his petition. None of those arguments convince us that the BIA erred in affirming the denial of his applications for withholding of removal and CAT protection.